The opinion of the court was delivered by
Phelps, Chancellor.
This is in substance a petition to redeem a mortgage, after the lapse of more than 20 years after condition broken, during which period the mortgagee and his assigns have possessed the mortgaged premises. The petition is resisted upon the ground of the statute of limitations, and also upon the presumption arising from the lapse of time.
We are not aware that any statute of limitations exists, embracing the case. The statute bars the action of ejectment in fifteen years after the cause of action accrues; but this action can only be sustained by the mortgagee, the mortgagor having no such remedy against his mortgagee in pos *14 session, after condition broken, unless the debt be paid. " 4 4 4 The remedy in such case being m chancery only, no statute limitations is applicable to the case. Indeed, were it otherwise, the fact that the feme plaintiff, in whose right the bill is brought, was an infant until within a recent period, would bring her within the saving clause of the statute, and be decisive of the' case.
If, then, the lapse of time is, in any way, to bar a redemption, it must be in analogy merely to the statute, and by force of the presumption, that the equity of redemption has been in some way extinguished, by act of the parties.
But there are insuperable difficulties .in the way of adopting the presumptive bar in this case. In the first place, no presumption of the kind can be made which is contradicted by the pleadings, or, to adopt language appropriate to chancery proceedings, no presumption can be made contrary to what is charged in the bill and admitted by the answer. Now, it appears from the bill, the answer and the proofs in. the case, not only that the mortgage was open at the decease of Miller, the mortgagor, but that the mortgagee, who was also administrator of Miller’s estate, proceeded to obtain an allowance of the mortgage debt by the commissioners. Moreover, the notes, secured by the mortgage, had not all of them become payable when Miller deceased. Under these circumstances, the door is effectually closed against any presumption that the equity of redemption had been extinguished at the decease of Miller.
Upon that event the estate descended to the oratrix, Mary Wells, subject indeed to the lien of the administrator for the payment of debts. That this lien was enforced, and the equitable estate of the intestate appropriated to the payment of debts, can not be presumed, for the reason already stated. The defendant Morse, so far from pretending that the estate had been thus disposed of, relies throughout upon his title as mortgagee. He states that he assigned his interest to the other defendant, Stockwell, in consideration of a personal indebtedness to him, and that Stockwell and himself have possessed the premises since. Stockwell, in his answer, puts the transaction on the same ground. Both answers negative the suggestion, that the estate of Miller in the premises has been disposed of in payment of his debts.
*15 If, then, the estate descended to the oratrix, and was not ... wrested from her for the payment of debts, it is impossible to discover upon what grounds any presumption can be made to her prejudice. If the equity of redemption has been extinguished at all, it must have been through her act. But the law will not presume that to be done which, in a legal sense, can not be done. The oratrix, being an infant, was not competent to dispose of her estate. This being.the case, there can be no presumption that she has done so.
The infancy of the oratrix is a decisive answer to this defence, in whatever point of view we may consider the subject. Whether we suppose the equity of redemption to have been extinguished in the lifetime of Miller, by the act of his administrator since his decease, or by that of the oratrix herself, the presumption, if made at all, arises from the lapse of time alone, during which the mortgagee has possessed unmolested, and the right of redemption, now asserted, has been suffered to lie dormant. Whatever explains the delay, destroys the force of the presumption. The infancy of the party has this effect; for it cannot be seriously contended, that any presumption can arise to the prejudice of the party, from the mere omission to assert her rights, for a period of time, within which she was not sui juris nor competent to assert them. So careful, indeed, is the law on this subject, that a formal foreclosure of an infant mortgagor’s estate is open to revision by him upon his coming of age.
The doctrine of presumption in chancery is in strict analogy to the statute of limitations. That court, it is true, applies the presumption in cases not within the statute, but never to cases expressly excepted by the statute. The exception in favor of infants is as much obligatory on the court as any other part of the statute. The consequence is, that the presumption will not be made against an infant from lapse of time alone ; for to do so, would be to repeal the provision of the statute in their favor. Indeed, I hold it not competent for the court to raise a presumption, from mere lapse of time, against one who, by positive provision of the statute, is exempted from its operation in analogous cases at law.
I am aware that lapse of time, with other circumstances, will sometimes warrant a presumption, where the statute of limitations, although applicable to the case, has not taken *16 effect. A jury may presume a debt satisfied from lapse of . , J , . r ,, . , . j time and other circumstances, although the period elapsed s^ort that specified in the statute. So, indeed, a presumption of this kind may arise against an infant. But in au qlege caseg) pne circumstances relied on, in aid of the presumption, must be such as have in themselves a legitimate tendency to prove the fact to be presumed. In- other words, lapse of time may give to evidence, slight and unsatisfactory in itself, a peculiar force, such indeed as would render it a satisfactory ground of adjudication. What I intend to assert is, that mere lapse of time will never of itself create a bar,either at law or in equity, where, by express provision of the statute, the party is exempted from its operation.
It is also insisted by the defendants, that the adjudication of the commissioners upon the mortgage debt is conclusive on this subject.
So far as the oratrix’ right to redeem is conceded, it is unnecessary to consider the question how far that adjudication is conclusive upon her. If we assume that it is conclusive, it can be so only so far as the amount of the debt is ascertained. The action of the commissioners would not work a foreclosure of the mortgage. All that can be claimed is, that the adjudication shall be held, on this occasion, conclusive evidence of the amount¿due upon the mortgage.
Whether, under ordinary circumstances, that proceeding would be conclusive, in a suit to foreclose or redeem, is a question which we do not deem it necessary to decide.
We think ourselves warranted, under the circumstances of this case, in holding it not conclusive upon the oratrix. The defendant was administrator of Robert Miller, as well as mortgagee; the oratrix was an infant without guardian. Had the defendant, under these circumstances, obtained a formal foreclosure, it would have been competent for the oratrix,upon arriving at full age, to revise- and open the decree. It can hardly be insisted, then, that she is bound by this collateral proceeding, especially as the effect now sought to be given to the finding of commissioners is merely incidental.
Further, the proceeding was ex parte. The defendant Morse was the creditor, and the only person representing the estate of Miller. The oratrix was an infant, not competent to defend her interests, and had no guardian to act in her *17 behalf. Moreover, there is, from the testimony, a strong presumption of fraud in obtaining the allowance; and, if there was fraud, there was a gross breach of trust on the part of the defendant, as administrator. Conceding, then, for the present purpose, that the adjudication, if properly obtained, would be conclusive in this suit, as to the amount due, yet this court will not fail to assert its jurisdiction over the subjects of fraud and trust. If the judgment were obtained by fraud, that circumstance W'ould warrant the interference of this court; and to enjoin the defendants for ever from proceeding to enforce it, would be only an ordinary exercise of the power of the court. Regarding the defendant, as a trustee, guilty in this instance of a fraudulent breach of trust, we think it furnishes a similar ground of chancery interference. In this view of thejjsubject, there can be no doubt of the power of this court to decree a re-conveyance of the mortgaged property', either absolutely or conditionally, notwithstanding the proceeding in the probate court.
Another objection is, that the creditors of Robert Miller are entitled to the equity of redemption, in preference to the heir. The estate descended, doubtless, subject to the lien of the administrator in behalf of creditors. But if the right of the creditors has never been asserted, although more than twenty years have elapsed, it cannot now be asserted, in this collateral way, to bar the heir. Whether that right will ever be asserted, and if so, whether their claims are not barred by lapse of time, are questions proper to be decided when they shall be duly presented. We do not deem it necessary to determine what their rights may be, because we do not see how their rights are to be affected by this proceeding. They can have no claim for any thing more than the value of the equity of redemption, and if a redemption is allowed in this case, they may pursue their equity in the hands of the heir. This .court will keep the mortgage on foot, if necessary for the purposes of justice, although the interest of the mortgagee and the equity of redemption unite in the same person. There will be no difficulty in treating the plaintiff as mortgagee, and the creditors as entitled to the right of redemption, should the case hereafter require it. In short, the question, so far as creditors are concerned, is simply, whether A. or B. shall hold the mortgage, *18 their right to the interest of the mortgagor being the same in' either case.
to the money charged to have been received by the <^e^enc^an*: M°rse) as administrator, there are two sufficient reasons why the court should not take cognizance of that-subject. The first-is, the plaintiff has an ample remedy on the probate bond, and the other is that the defendant’s accountability on that score is exclusively within the jurisdiction of the probate court.
The bill is referred to the master to take an account of what may be due on the mortgage.